**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**
**FILE NUMBER_____**

| | |
|---|---|
| **Dominic Franks**, | |
| Plaintiff, | |
| v. | COMPLAINT |
| **Beaufort County Sheriff's Office**; **Ernie Coleman,** in his individual capacity; **Kelly Cox**, in his individual capacity; **Charlie Rose**, in his individual capacity; **William Ragland**, in his individual capacity and John Doe 1-10. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## COMPLAINT FOR DAMAGES

Plaintiff Dominic Franks files this Complaint against the above-named

Defendants and in support thereof states as follows:

# **INTRODUCTION**

## 1.

Plaintiff, a Biracial-American man, and former deputy sheriff for the Beaufort County Sheriff's Office, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., against the Beaufort County Sheriff's Office. Additionally, Plaintiff brings this action pursuant to 42 U.S.C. §§ 1981 and 1983, against all individual named Defendants in their individual capacities. While employed with the Beaufort County Sheriff's Office, Plaintiff was subjected to a pervasive hostile, abusive, racist and unsafe work conditions. Specifically, Plaintiff was called nigger on multiple occasions in the presence of others by his supervisor Defendant William Ragland. Plaintiff was also called "monkey boy" and bullied about the texture and the color of his hair by Defendant Ragland and Defendant Cox.  On multiple occasions, Defendant Ragland pointed his loaded Beaufort County Sheriff's Office issued firearm at the Plaintiff's head and called the Plaintiff a nigger  in the presence of other Beaufort County Sheriff's Office's employees.  Defendant Ragland's reckless and inhumane act of pointing his loaded weapon at the Plaintiff, caused the Plaintiff to fear for his life and afraid to be at his job. Plaintiff and others reported Defendant Ragland's conduct towards Plaintiff to their superiors at the Beaufort County Sheriff's Office. However, all complaints went unanswered and ignored. Instead, Plaintiff work

2

place harassment only intensified and Plaintiff was subjected to unwarranted disciplinary actions by his superiors at the Beaufort County Sheriff's Office. Plaintiff further alleges that he suffered adverse employment actions as a result of Beaufort County Sheriff's Office's discriminatory acts. Plaintiff also alleges, that he was subjected to a pervasive, retaliatory and heighten hostile work environment after engaging in the protected activity of reporting his work condition and blatant racism to his supervisors within the Beaufort County Sheriff's Office.

On February 08, 2017, Plaintiff resigned in lieu of termination after suffering from unbearable stress, pain and suffering as well as duress due to the Beaufort County Sheriff's Office failure to provide and maintain a working environment free of harassment, intimidation, threats and racism. Even after Plaintiff's resignation, Plaintiff was subjected to continued harassment by members of the BCSO and retaliation after filling his charge with the Equal Employment Opportunity Commission.

## JURISDICTION AND VENUE

### 2.

This is an action for (1) hostile work environment, racial harassment and retaliation based on race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. ("Title VII"); (2) hostile work environment, racial harassment and retaliation based on race in violation of 42 U.S.C. §§ 1981

3

and 1983. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction on Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper pursuant 28 U.S. Code § 1391, all Defendants are located in the Eastern District of North Carolina in the Greenville Division, and the unlawful discriminatory conduct complained of herein occurred in this district and division. Further, all conditions precedent to jurisdiction under Title VII have occurred or been complied with; specifically, Defendant BCSO meets the statutory definition of an "employer" and Plaintiff filed timely Charges of Discrimination ("Charge") with EEOC alleging a hostile work environment based on race and retaliation after engaging in protected activity. On February 23, 2017, Plaintiff filed a charge of discrimination with the EEOC against Defendant BCSO within 180 days of the last discriminatory act as stated in his charge. (See Exhibit 1). Plaintiff received a Notice of Right to Sue from the United States Department of Justice (DOJ) dated March 14, 2017 on May 20, 2019. (See Exhibit 2). Plaintiff filed this Complaint within 90 days of receipt of his Notices of Right to Sue from the DOJ.

4

## **PARTIES**

4.

Plaintiff Dominic Franks ("Plaintiff or Dominic") is a citizen of the State of North Carolina, a resident of Beaufort County, and a resident of the City of Bath, North Carolina and a citizen of the United States of America.

5.

Defendant Beaufort County Sheriff's Office ("BCSO") is Plaintiff's former employer. At all times relevant to this action, Defendant BCSO is engaged in an industry affecting commerce and has fifteen or more employees within the meaning of 42 U.S.C. § 2000e(b), (g) and (h).

6.

Ernie Coleman ("Defendant Coleman**"),** in his individual capacity. Defendant Coleman is a White/Caucasian man, and is the current elected Sheriff of Beaufort County.

7.

Kelly Cox ("Defendant Cox"), in his individual capacity. Defendant Cox is a White/Caucasian man, and is currently employed with of the Beaufort County Sheriff's Office.

8.

Charlie Rose ("Defendant Rose"), in his individual capacity. Defendant Rose is a White/Caucasian man, and is currently employed with of the Beaufort County Sheriff's Office.

9.

William Ragland ("Defendant Ragland"), in his individual capacity. Defendant England is a White/Caucasian man, and is currently employed with of the Beaufort County Sheriff's Office.

10.

John Doe 1-10 ("Defendant Doe"), in their individual capacities. Plaintiff will amend his complaint upon identifying John Doe.

## **BACKGROUND FACTS**

11.

Dominic Franks is a lifetime resident of Beaufort County, North Carolina. Dominic served in the United States Army on active duty for approximately four years from 2010-2014 before he was honorably discharged.

12.

After his military service, Dominic completed his North Carolina Basic Law Enforcement Training at the Beaufort County Community College ("BBCC"). Approximately, a month before completing his training, Dominic applied for a

6

deputy position at the BCSO. Prior to being hired on with BCSO, Dominic underwent a psychological evaluation and was determined that he was fit to serve in the capacity as a deputy sheriff for the BCSO.

13.

Dominic began his tour of duty with the BCSO on or about July 15, 2015. Dominic was assigned to 30-shift as a road deputy. Dominic's primary duties were to serve court documents, execute warrants, respond to all emergency and non emergency calls and traffic enforcement.

14.

As a deputy sheriff for BCSO, Dominic led the BCSO in serving court documents in the community. Dominic would serve approximately between 80-100 documents a month.

15.

In 2016, Dominic performed Cardio Pulmonary Recitation ("CPR") on multiple unresponsive individuals. Dominic is responsible for successfully reviving two individuals within days apart in January of 2016. Dominic was recognized by the BCSO for saving the lives of the two individuals. (See Exhibit 3)

16.

In November of 2016, while at the BCSO and in room known as the "deputy room", Dominic's first line supervisor, Defendant Ragland, pointed his loaded

BCSO issued service firearm at the Dominic's head for approximately fifteen second and said to Dominic "what's up nigger." Dominic feared the Defendant Ragland was going to shoot him. Defendant Ragland's actions were witnessed by several other deputies.

17.

In fact, Defendant Ragland pointed his loaded BCSO issued service firearm at the Dominic's head no less than 8 times during Dominic's tenure at the BCSO. Every time Defendant Ragland pointed his weapon at Dominic, Defendant Ragland called Dominic a nigger. Dominic feared for his life every single time. Defendant Ragland's actions were witnessed by several other deputies.

18.

Defendant Ragland often refer to Dominic as "monkey boy." Defendant Ragland also referred to Dominic's hair as rhino lining due to Dominic hair texture and color. Defendant Cox also referred to Dominic's hair a rhino lining. In December of 2016, Defendant Coleman referred to Dominic as "boy." Defendant Coleman also referred to Dominic as being psychotic.

19.

In response to Defendant Ragland's racist and inhumane acts towards him, Dominic made several complaints through his chain of command in accordance with BCSO's policy. Specifically, Dominic repeatedly complained and reported

8

Defendant Ragland's action to then Corporal Michael Sheppard ("Cpl. Sheppard"). Cpl. Sheppard then notified Defendant Ragland's supervisor, Lieutenant Kelly Cox ("Defendant Cox"). Cpl. Sheppard informed Defendant Cox on multiple times concerning Defendant Ragland's behavior towards Dominic. Defendant Cox assured Cpl. Sheppard that he would notify his supervisor, Chief Deputy Charlie Rose ("Defendant Rose) concerning Defendant Ragland's behavior towards Dominic. However, and in the face of Dominic's ongoing complaints, Defendant Ragland continued his abusive behavior towards Dominic.

20.

Defendant Ragland often referred to Dominic and Dominic's uncle, Treven Franks as niggers outside of Dominic's presence. Specifically, Defendant Ragland told Cpl. Sheppard "that nigger sued me when I was at the Police Department" when referring to Treven Franks."[1]

21.

In 2003, Treven Franks sued the City of Washington and the Washington Police Department. Specifically, Treven Franks accused Defendant Ragland among others of subjecting him to a racially hostile work environment. Treven Franks alleged that he was called a nigger and was threatened with hanging by

---

[1] Treven Franks, et al. v. The City of Washington, et al; File number 4:03-CV-00013-H

9

several Caucasian employees of the Washington Police Department to include Defendant Franks.

22.

After reporting Defendant Ragland's conduct to Cpl. Sheppard, Dominic was subjected to duty assignments that no other deputy on Dominic's shift was required to do. Specifically, Dominic was required to work thirteen hours straight at a hospital in Greenville, NC without any relief. Additionally, Dominic was required to work on the south side zone seven days straight. No other deputy on Dominic's shift was required to do so. During the time Dominic was assigned to the south side zone for seven days straight, he was restricted by Defendant Cox from leaving the south side zone to go to Washington, NC for relief or to get something to eat. No other deputy on Dominic's shift was restricted from travel to Washington, NC for relief while assigned to the south side zone.

23.

Dominic was subjected to unwarranted unsubstantiated disciplinary action leading up to his resignation. Specifically, Dominic was reprimanded for an incident that occurred at BCCC in December 2016. Despite the fact Dominic did not violate any BCSO's policy; Dominic was still reprimanded and suspended without pay by Defendant Cox.

10

24.

On another occasion, Dominic was falsely accused by Deputy Kevin Sitterson ("Sitterson") of using profanity on an emergency call. It should be noted that Sitterson had been previously fired from the City of Plymouth Police Department for striking a black man in the face and while the man was handcuffed.

25.

On February 4, 2017, Defendant Cox intentionally leak confidential communication between him and Dominic in order to provoke a deputy for the BCSO to confront Dominic concerning Dominic's communication with Defendant Cox. As a result, Dominic was falsely accused of trying to fight the deputy after the deputy confronted Dominic. Defendant Coleman recommended the termination of Dominic based on the February 4, 2017 incident. Dominic was set up by Defendant Cox and Defendant Coleman for the sole purpose to terminate Dominic.

26.

On February 08, 2017, Dominic resigned from the BCSO in lieu of termination due to unbearable stress, pain and suffering as well as duress, and the failure of his supervisors Defendants Cox, Rose and Coleman to prevent a racist hostile work environment by failing to provide and maintain a working environment free of racist harassment, intimidation, threats and abusive working conditions.

27.

After Plaintiff resignation on February 08, 2017, Dominic was still subjected ongoing harassment by Defendant Ragland and other member of the BCSO. Specifically, Defendant Ragland used his squad car as an instrument to intimidate Dominic by accelerated his squad car at a high rate of speed almost striking Dominic's vehicle. Additionally, Defendant Ragland shouted profanity at Dominic and used his middle finger to make an inappropriate gesture at Dominic. Dominic called 911 dispatch to report Defendant Ragland. The incident was captured on Dominic's vehicle cameras.

28.

After Plaintiff resignation on February 08, 2017, Dominic has been boxed in by two members of the BCSO while driving his vehicle. Dominic was unable to pass and was made to drive at a low rate of speed due to the BCSO vehicle in front him deliberately being operated at a speed well below the posted speed limit. Dominic was boxed in by the BCSO for well over 30 minutes. The incident was captured on Dominic's vehicle cameras

29.

In addition to pointing a load gun at Dominic's head, Defendant Ragland has a history of engaging in inappropriate behavior while on duty. Defendant Ragland knowingly rubbed a cell phone on the outside of his private area while making an

inappropriate gesture while on duty inside the BCSO. The incident was captured on a cell phone camera.

30.

Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, compensatory damages, punitive damages, attorney's fees, an injunction and a declaratory judgment is their only means of securing adequate relief. Plaintiff is now suffering emotional distress, loss of enjoyment of life and will continue to suffer irreparable injury from Defendant unlawful practices unless All Defendants are enjoined by the Court.

Case 4:19-cv-00090-BO    Document 1    Filed 06/18/19    Page 13 of 21

## CLAIMS FOR RELIEF

## COUNT ONE

HOSTILE WORK ENVIRONMENT/ RACIALLY
HARASSMENT/RETALIATION
IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS
AMENDED, 42 U.S.C. § 2000E ET SEQ.
(Defendant Beaufort County Sheriff's Office)

31.

Plaintiffs re-allege the preceding paragraphs as if set forth fully herein.

32.

Defendant Beaufort County Sheriff's Office through the above individual Defendants, created a racially hostile and abusive work environment by allowing the Plaintiff to be subjected to a pervasive racially motivated and life threatening harassment and retaliation from Defendants Ragland, Coleman, Cox and Rose over the course of Plaintiff's employment with the BCSO, and failed to take corrected measures to eliminate a racially motivated hostile work environment that Plaintiff was subjected to on a regular basis.

14

33.

Defendant Beaufort County Sheriff's Office is liable for the acts of Defendants Ragland, Coleman, Cox and Charlie Rose performed within the scope of and during the course of their employment with Defendant Beaufort County Sheriff's Office.

34.

Plaintiff made Defendant Beaufort County Sheriff's Office aware of Defendant Ragland's behavior through repeated complaints of Defendant Ragland's behavior by utilizing his chain of command. However, Defendant Beaufort County Sheriff's Office failed to promptly correct Defendant Ragland's behavior. Instead, Plaintiff was retailed against for making such complaints.

35.

Based upon the allegations as contained within this Count of this Complaint for Damages and Demand for Jury Trial, Defendant Beaufort County Sheriff's Office, through the actions Defendants Ragland, Coleman, Cox and Rose, created a racially hostile and abusive work environment by allowing the Plaintiff to be subjected to a pervasive racially motivated and life threatening harassment and retaliation after engaging in protected activity.

15

<u>COUNT TWO</u>

<u>VIOLATION OF 42 U.S.C. § 1983</u>
<u>HOSTILE WORK ENVIRONMENT BASED ON RACE, COLOR AND</u>
<u>NATIONAL ORIGIN UNDER 42 U.S.C. § 1981</u>
(Defendants Ragland, Coleman, Cox and Rose, in their individual capacities)

36.

The Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as if fully set forth herein.

37.

42 U.S.C. § 1983 provides that:

"Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

38.

42 U.S.C. § 1981 (a) provides that:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

16

39.

All Defendants under the color of law, created a hostile work environment.

40.

.

Defendant Ragland created a hostile work environment by use of racial slurs on multiple occasions when addressing Plaintiff and while Plaintiff was on duty at the BCSO.

41.

Defendant Ragland created a hostile work environment by pointing a loaded gun and calling the Plaintiff a nigger while doing so on multiple occasions and while Plaintiff was on duty at the BCSO.

42.

Defendants Cox, Rose and Coleman created a hostile work environment, and allowed it to persist, by permitting Defendant Ragland to use racial slurs when addressing Plaintiff on multiple occasions and failing to discipline Defendant Ragland once it became aware of his use of racial slurs. Defendant, Cox, Rose and Coleman created a hostile work environment, and allowed it to persist, by permitting Defendant Ragland to point a loaded gun at the Plaintiff's head while calling Plaintiff a nigger on multiple occasions and failing to discipline Defendant Ragland once they became aware of it.

17

43.

Based upon the allegations as contained within this Count of this Complaint for Damages and Demand for Jury Trial, Defendant Beaufort County Sheriff's Office, through the actions Defendants Ragland, Coleman, Cox and Rose, created a racially hostile and abusive work environment by allowing the Plaintiff to be subjected to a pervasive racially motivated and life threatening harassment and retaliation after engaging in protected activity.

44.

Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

45.

Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT THREE

## RETALIATION
IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS
AMENDED, 42 U.S.C. § 2000E ET SEQ.
(Defendant Beaufort County Sheriff's Office)

46.

The Plaintiff incorporates by reference paragraphs 1 through 30 of this
Complaint as if fully set forth herein.

47.

Defendant Beaufort County Sheriff's Office through Defendants Ragland,
Coleman, Cox and Rose intentionally retaliated against Plaintiff after Plaintiff
engaged in protected activity under Title VII of The Civil Rights Act of 1964, As
Amended, 42 U.S.C. § 2000e et seq., and in response to Plaintiff filing a EEOC
charge against Defendant Beaufort County Sheriff's Office.

48.

Based upon the allegations as contained within this Count of this Complaint
for Damages and Demand for Jury Trial, Defendant Beaufort County Sheriff's
Office, through the actions Defendants Ragland, Coleman, Cox and Rose, created a
racially hostile and abusive work environment by allowing the Plaintiff to be

19

subjected to a pervasive racially motivated and life threatening harassment and retaliation after engaging in protected activity.

## COUNT FOUR

### VIOLATION OF 42 U.S.C. § 1983
### RETALIATION UNDER 42 U.S.C. § 1981
(Defendants Ragland, Coleman, Cox and Rose, in their individual capacities)

49.

The Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as if fully set forth herein.

50.

Defendants Ragland, Coleman, Cox and Rose intentionally retaliated against Plaintiff after Plaintiff engaged in protected activity in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff demands that a trial by jury be had on all Counts of her Complaint and that, following such trial, judgment be entered on her behalf against Defendant granting the following relief:

1. An award of compensatory damages for Plaintiff, in an amount of to be determine by the enlightened conscience of the trier of fact, jointly and severally, against the Defendant;

20

2. An award of pre-judgement and post-judgment interest;

3. An award of costs, including, but not limited to, discretionary costs,

   attorneys' fees and expenses incurred in pursuing this case under 42 U.S.C.

   § 1988;

4. Any other and further relief this Court deems just and proper; and

5. Any other and further relief to which they may be entitled.

Respectfully submitted this 18th day of June 2019.

/s/Charles Tyrell Clemons
Charles Tyrell Clemons
North Carolina Bar Number 39585

*Attorney for Plaintiff*

**The Clemons Law Firm, PLLC.**

3219 Landmark Street
Suite 8
Greenville, NC 27834
Tel. 252.565.8635
Fax. 252. 565.8638
Tyrell@ctclemonslawfirm.com