IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-90-BO

| | |
|---|---|
| DOMINIC FRANKS, </br>       Plaintiff, </br> </br> v. </br> </br> BEAUFORT COUNTY SHERIFF'S </br> OFFICE; ERIC COLEMAN, in his official </br> capacity; KELLY COX, in his individual </br> capacity; CHARLIE ROSE, in his </br> individual capacity; WILLIAM RAGLAND, </br> in his individual capacity, and JOHN DOE </br> 1-10, </br>       Defendants. | O R D E R |

This cause comes before the Court on defendant Beaufort County Sheriff's Office's motion to dismiss. Plaintiff has failed to respond, and the time for doing so has expired. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiff filed this action against his former employer, the Beaufort County Sheriff's Office, claiming that he was subjected to a hostile work environment, racial harassment, and retaliation. 42 U.S.C. §§ 2000e, 1983, 1981. The Beaufort County Sheriff's Office (BCSO) has moved to dismiss, arguing that it lacks the capacity to be sued and is not a proper party in a lawsuit under 42 U.S.C. § 1983. BCSO argues that dismissal is appropriate under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

To determine whether a state governmental entity has the capacity to be sued in federal court, the court applies the law of the state in which it sits. Fed. R. Civ. P. 17(b)(3). Under North Carolina law, unless a statute provides otherwise, only a person in being may be sued. *Coleman v. Cooper*, 89 N.C. App. 188, 192 (1988). The Court is unaware of any North Carolina statute which permits a county sheriff's office to be sued. On the contrary, numerous courts have held that a North Carolina sheriff's office may not be sued. *See, e.g., Parker v. Bladen Cty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008); *Hemingway v. Columbus Cty. Sheriff's Office*, No. 5:16-CT-3277-FL, 2018 WL 1403611, at *2 (E.D.N.C. Mar. 20, 2018). This is so even in the context of an action alleging employment discrimination. *Efird v. Riley*, 342 F. Supp. 2d 413, 420 (M.D.N.C. 2004).

## CONCLUSION

Accordingly, for the foregoing reasons and without opposition from plaintiff, defendant Beaufort County Sheriff's Office's motion to dismiss is GRANTED.

SO ORDERED, this 23 day of September, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE