IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-90-BO

DOMINIC FRANKS, )
         Plaintiff, )
)
v. ) ORDER
)
ERIC COLEMAN, in his individual )
capacity and in in his official capacity as )
Sheriff of Beaufort County; KELLY COX, )
in his individual capacity; CHARLIE ROSE,)
in his individual capacity; WILLIAM )
RAGLAND in his individual capacity, and )
JOHN DOE 1-10; )
         Defendants. )

This cause comes before the Court on defendants' partial motion to dismiss. Plaintiff has failed to respond, and the time for doing so has expired. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff filed this action against his former employer claiming that he was subjected to a hostile work environment, racial harassment, and retaliation. 42 U.S.C. §§ 2000e, 1983, 1981. Plaintiff, who is bi-racial, is a former deputy sheriff for the Beaufort County, North Carolina Sheriff's Office. Plaintiff alleges that, while employed as a Beaufort County Deputy Sheriff, he was subjected to pervasive hostile, abusive, racist, and unsafe work conditions. Plaintiff alleges that he was called derogatory terms such as "nigger" and "monkey boy," and that, on multiple occasions, defendant Ragland pointed his loaded service weapon at plaintiff's head and called plaintiff a "nigger" in the presence of other Beaufort County Sheriff's Office employees.

Plaintiff alleges that he complained to his superiors about defendant Ragland's behavior and that his complaints were ignored. Plaintiff alleges that instead his workplace harassment intensified and he was subjected to unwarranted disciplinary actions by his superiors. Plaintiff resigned on February 8, 2017, in lieu of termination; plaintiff further alleges that after his resignation he continued to be subjected to harassment by members of the Beaufort County Sheriff's Office following his filing a charge with the Equal Employment Opportunity Commission. Plaintiff has named as defendants Sheriff Ernie Coleman and Kelly Cox, Charlie Rose, and William Ragland, each of whom are employees of the Beaufort County Sheriff's Office. Defendant Ragland was plaintiff's first line supervisor, defendant Cox was Ragland's supervisor, and defendant Rose was Cox's supervisor.

In his amended complaint, plaintiff has alleged eight claims for relief as follows: hostile work environment/racial harassment/retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII) against Sheriff Coleman in his official capacity (count one); violation of 42 U.S.C. § 1983 hostile work environment based on race, color, and national origin under 42 U.S.C. § 1981 against defendants Ragland, Coleman, Cox, and Rose in their individual capacities (count two); retaliation in violation of Title VII against Sheriff Coleman in his official capacity (count three); violation of 42 U.S.C. § 1983 retaliation under 42 U.S.C. § 1981 against defendants Ragland, Coleman, Cox, and Rose in their individual capacities (count four); intentional infliction of emotional distress against defendant Ragland in his individual capacity (county five); negligent retention and negligent supervision against defendant Coleman in his individual capacity (count six); assault against defendant Ragland (count seven); and ratification against defendant Coleman (count eight).

Defendants have moved to dismiss some of plaintiff's claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Defendants seek dismissal of counts two, four, six, and eight. As noted above, plaintiff has failed to file a response to the motion to dismiss within the time provided or request leave to file a response out of time.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

A. Section 1983 claims against Ragland, Coleman, Cox, and Rose, in their individual capacities (counts two and four).

(i). Defendants Coleman, Rose, and Cox have moved to dismiss plaintiff's § 1981 hostile work environment claim against them in their individual capacities. In this claim, plaintiff alleges that defendants Coleman, Rose, and Cox created a hostile work environment and allowed it to persist by permitting Ragland to use racial slurs and point a loaded gun at plaintiff's head while using a racial slur and by not disciplining Ragland once they became aware of this conduct.

"To establish personal liability under § 1983, however, the plaintiff must 'affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (quoting *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal alteration omitted). Negligence in failing to detect and prevent misconduct is not enough; rather, a supervisor must both know about the conduct and facilitate, approve of, or condone it or turn a blind eye. *See Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 464 (M.D.N.C. 2016).

To demonstrate that a workplace is racially hostile under 42 U.S.C. § 1981, the "plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (internal alterations, quotation, and citation omitted).

Even when viewed in the light most favorable to him, plaintiff has failed to allege a hostile work environment claim against defendant Rose, as his complaint fails to identify any facilitation or approval of racially hostile conduct by Rose of his inferiors. Nor does the complaint allege that Rose himself contributed to the hostile work environment by using, for example, racial slurs. The motion to dismiss the § 1981 hostile work environment claim against Rose is granted.

The Court denies the motion with respect to this claim against Coleman and Cox. Plaintiff's complaint alleges that defendant Coleman referred to plaintiff as "boy" in December 2016 and referred to plaintiff as being psychotic, and that defendant Cox, along with defendant Ragland, referred to plaintiff's hair as rhino lining. When determining whether conduct is objectively hostile, a court must consider all of the circumstances surrounding the conduct,

including its frequency and duration, its severity, whether it is physically threatening or humiliating, and, importantly here, the status of the alleged harasser. *Id.* at 277-278. Plaintiff has alleged that his direct supervisors, including the Sheriff himself, used racially charged terms when dealing with him. *See White v. BFI Waste Servs.*, LLC, 375 F.3d 288, 297 (4th Cir. 2004). Coupled with the allegations of Ragland's behavior, such actions could plausibly be perceived as condoning or facilitating Ragland's conduct. The Court thus denies defendants' motion as to the § 1981 hostile work environment claim against Coleman and Cox and will allow the claim to go forward.

(ii). All defendants have moved to dismiss plaintiff's § 1983 retaliation claim against them in their individual capacities.

A claim for retaliation under both Title VII and § 1981 require a plaintiff to demonstrate that he engaged in protected activity, that his employer took adverse employment action against him, and that a causal connection exists between the adverse action and the protected activity. *Boyer-Liberto*, 786 F.3d at 271-72.

Plaintiff alleges that after he reported defendant Ragland's conduct, he was subjected to duty assignments that no other deputy on his shift was required to do. He also alleges that he was reprimanded for an incident that occurred at Beaufort County Community College in December 2016 despite the fact that he did not violate any Beaufort County Sheriff's Office policy. Plaintiff alleges that he was falsely accused by another deputy, who is not named as a defendant, of using profanity while on an emergency call. Finally, plaintiff alleges that defendant Cox leaked confidential information concerning plaintiff on February 4, 2017, which resulted in a false accusation of fighting, which subsequently formed the basis of Coleman's recommendation that plaintiff's employment be terminated.

5

Plaintiff's allegations, even in the light most favorable to him, fail to allege a plausible claim of retaliation under § 1981. Plaintiff does not provide allegations which would support that his shift reassignments would amount to a tangible employment consequence, specifically one which would dissuade a reasonable worker from making a charge of discrimination. *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006). Plaintiff's allegation of receiving a reprimand although he did not violate any policy is conclusory. Finally, plaintiff's allegation regarding information leaked by Cox is again conclusory, and fails to nudge his claim across the line from conceivable to plausible. Moreover, because this retaliation claim falls under § 1981, as noted above, plaintiff must "affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." *Williamson*, 912 F.3d at 171. Plaintiff's allegations are simply too sparse to plausibly allege that each defendant acted personally in the deprivation of his rights. This claim is appropriately dismissed.

B. Negligent supervision and retention claim (count six) is dismissed.

"North Carolina recognizes a cause of action for negligent supervision and retention as an independent tort based on the employer's liability to third parties." *Smith v. Privette*, 128 N.C. App. 490, 494 (1998). However, sheriffs and their deputies are considered public officials under North Carolina law. *See Phillips v. Gray,* 163 N.C.App. 52, 56-57 (2004). "It is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto." *Smith v. Hefner,* 235 N.C. 1, 7 (1952).

Sheriff Coleman was acting as a public official when the events that gave rise to his alleged negligence occurred. "A plaintiff seeking to hold a public official liable for conduct in the performance of official or governmental duties involving the exercise of discretion ... must allege

6

and prove corruption or malice . . . ." *Layman v. Alexander*, 294 F. Supp. 2d 784, 795 (W.D.N.C. 2003). Plaintiff has not alleged that Sheriff Coleman acted with malice or corruption in supervising and retaining defendant Ragland or any other deputy, and he is therefore entitled to public official immunity. Accordingly, the negligent supervision and retention claim against defendant Coleman in his individual capacity must be dismissed.

C. Ratification (count eight) is not an independent cause of action and is dismissed insofar as it is asserted as one.

Plaintiff's eighth claim for relief is for ratification, presumably against defendant Coleman. The Court agrees with defendants that ratification in this context is a theory of liability. *See, e.g., Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1248 (6th Cir. 1989). As it is not an independent cause of action, insofar as it has been alleged as one it is dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' partial motion to dismiss [DE 30] is GRANTED IN PART and DENIED IN PART. Plaintiff's second, sixth, and eighth claims for relief are DISMISSED. The remaining claims may proceed.

SO ORDERED, this 24 day of January, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE